Hand v. Simpson.

---

## Jane Hand v. John F. Simpson.

1.   ATTORNEY FEES.—*When a Proceeding in Foreclosure is a Suit for the Collection of a Note.*—A proceeding to foreclose a mortgage given to secure a promissory note is a suit for the collection of a note containing a stipulation " that in case of collection by suit, an attorney's fee of ten per cent is to be paid" by the maker of the note.

2. SAME—*When a Separate Suit is Necessary to Collect the Attorney's Fee.*—Under a promissory note containing a stipulation that in case of collection by suit, an attorney's fee of ten per cent is to be paid, a separate suit is necessary to collect the attorney's fee.

3. ESTOPPEL—*To Ask for the Reformation of a Promissory Note.*—Where the maker of a promissory note tenders a sum of money to the holder of the note in payment of the same, and the tender is accepted, such maker will be estopped to contend afterward that there was a mistake in making the note bear interest from maturity only.

**Action to Recover an Attorney's Fee,** stipulated in a promissory note. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

CHIPERFIELD & CHIPERFIELD, attorneys for appellant.

M. P. RICE, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This suit was commenced by appellant to recover an attorney fee upon the following note:

"$2,300.              FARMINGTON, ILL., February 25, 1895.

Two years after date I promise to pay to the order of Jane Hand, at Farmington, Illinois, twenty-three hundred dollars, value received, with interest at seven per cent per annum, after maturity.

It is further agreed that in case of collection by suit, an attorney's fee of ten per cent is to be paid by the undersigned. Secured by real estate mortgage of even date.

[Signed]  J. F. SIMPSON."

In May, 1900, appellant commenced a suit in the Circuit Court of Fulton County to foreclose a mortgage given to secure the note. Appellee and his wife filed an answer to the bill, admitting the execution of the note and mortgage, and tendered $2,662.69 as the amount due as principal and interest. The tender was accepted with leave to the complainant to withdraw the note, which was accordingly done. In addition to a prayer for foreclosure, appellant's bill asked for a reformation of the note, and that an attorney's fee of ten per cent be allowed for collecting the amount.

At the next term of court, this suit was commenced to recover the attorney's fee provided for by the note. A jury

Hand v. Simpson.

was waived and the cause was tried by the court. The court held that the foreclosure proceeding was not a suit for the collection of the note within the meaning of the provisions of the note for the payment of ten per cent in case of collection by suit, and rendered judgment against appellant for costs. He refused to hold that the filing of the bill to foreclose the mortgage, followed by service or appearance by the defendant was, in effect, a suit to collect the note within the meaning of the stipulation for the payment of attorney's fees. The court below was in error. Because of the peculiar wording of the provision of the note under consideration, the attorney fee could not be included in a judgment or decree for the amount due as principal and interest. To collect the attorney's fee, a separate suit was necessary.

We think the foreclosure suit and the proceedings had therein was a collection by suit within the meaning of the stipulation. Appellant was forced to resort to the courts by suit to collect, and it is immaterial that appellee did not allow the suit to go to decree and sale.

There is no ground for the contention that appellee has overpaid appellant according to the terms of the note, it bearing interest only from maturity. In the bill to foreclose, it was averred that a mistake was made in having the note bear interest from maturity only, instead of from date, and a reformation was asked. By tendering, as appellee did in his answer, the amount of principal and interest from date, he conceded the mistake and is now estopped from making such contention.

It does appear, as contended, that the offer and acceptance of the tender was a settlement of all claimed to be due appellant. Although she claimed an attorney fee in the foreclosure suit, it is clear none could have been legally allowed her in the decree; again, the withdrawal of the note by order of the court refutes that contention.

The court erred in giving the proposition of law in behalf of appellee, and erred in refusing the third, fourth, fifth and sixth propositions tendered by appellant. The judgment is reversed and the cause remanded.